UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL J. FISCHER,

        Plaintiff,

v.

STATE OF MICHIGAN and
JUDICIAL TENURE
COMMISSION,

        Defendants.
_____/

CASE NO. 17-CV-10478
HON. GEORGE CARAM STEEH

## OPINION AND ORDER

This Title VII religious and ethnic discrimination action arises out of plaintiff Paul Fischer's termination as the Executive Director and General Counsel of the Judicial Tenure Commission ("JTC"), a position he held for over fifteen years. Fischer alleges he was terminated based on his status and beliefs as an Orthodox Jew. Now before the court is the State of Michigan's and JTC's (collectively "defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the allegations of the Complaint are sufficient to state a Title VII claim, defendants' motion shall be denied. This court decides this matter based on the written submissions pursuant to Local Rule 7.1(f)(2).

# I. Background

Because the court is deciding a Rule 12(b)(6) motion to dismiss, the facts set forth here are those set forth in the Complaint. Fischer is an Orthodox Jew. He was hired as the Executive Director and General Counsel of the JTC in January, 2001 and worked in that position until he was terminated on September 16, 2016. The JTC investigates allegations of judicial misconduct or disability and is comprised of nine Commissioners. As part of his duties as General Counsel, Fischer worked as the Examiner after the issuance of a formal complaint. As Examiner, Fischer acted as prosecutor in judicial misconduct hearings before the Master and Commission.

In June, 2015, in a case drawing attention from news media around the country, Oakland County Circuit Judge Lisa Gorcyca, while presiding over a domestic relations case, held three minor children in contempt of court (then ages 13, 10 and 9) for failing to have a healthy relationship with their father, and sent them to a juvenile detention center. The minor children are Israeli as well as American citizens. As a result of Judge Gorcyca's conduct, Fischer sought and received authority from the JTC to begin a preliminary investigation. At the inception of the investigation

against Judge Gorcyca, three Commissioners recused themselves. Fischer identifies these Commissioners as Commissioners 2, 3 and 4.

While the investigation was ongoing, the Consul General of Israel to the Midwest, Roey Gilad, wrote to the Michigan Attorney General expressing concern about Judge Gorcyca's treatment of the minor children. The Attorney General's office forwarded the letter to the JTC. Fischer called Gilad and informed him that his letter did not qualify as a grievance, but that he could file one, and notified him that he could not discuss the matter with him. Gilad told Fischer that he wished to speak to the children as an Israeli diplomat to determine their welfare. Gilad asked Fischer to notify the father's attorney and the Guardian ad Litem that he wished to speak to them regarding the children. Fischer spoke to the Guardian ad Litem during the course of the investigation, and to the father's attorney at a chance encounter at a social gathering, and passed along Gilad's desire to speak with the children.

In late August 2015, Fischer recommended to the JTC that they issue a 28-day letter, which is the necessary prerequisite to filing a formal complaint. The JTC authorized its issuance, and the 28-day letter was forwarded to Judge Gorcyca. After receiving Judge Gorcyca's response to the 28-day letter, Fischer recommended to the six Commissioners, who

had not recused themselves, that a formal complaint be issued. At the December, 2015 meeting of the JTC, the Commission went into executive session, and Fischer and the recused Commissioners were excused so that the remaining Commissioners could deliberate on the question of whether a formal complaint should issue. The Commission returned from the executive session having reached the decision to issue a formal complaint. But recused Commissioner 2 questioned Fischer's objectivity. Also, Fischer alleges that after the August, 2015 meeting, recused Commissioner 2 sought him out and expressed his opinion that Judge Gorcyca's only sanction should be a public censure.

In January and February, 2016, the JTC went into executive session, excluding Fischer from the room, without offering an explanation for his exclusion. At the end of the February, 2016 meeting, Commissioners 1 and 3 spoke with Fischer stating that they had several concerns about things that had happened. Among other complaints, Commissioner 1 told Fischer, "You're Jewish, you speak Hebrew, you've been to Israel." Commissioner 1 also tied those facts to Judge Gorcyca's allegations that Fischer was "an agent of the Israeli government" because he had spoken with the Israeli Consul General and shared his request to meet with the children with the Guardian ad Litem and the attorney for the father.

In January, 2016, the Michigan Supreme Court appointed retired Wayne County Circuit Judge Daniel Ryan to serve as the Hearing Master. The hearing on the formal complaint against Judge Gorcyca was held on May 31, and June 1, 2016. On May 18, 2016, Judge Gorcyca moved to disqualify Fischer on the grounds that he had contacted the attorneys for the minor children and the father regarding the Consul General's request to meet with the children.[1] In June, 2016, some of the Commissioners discussed Fischer's contact with the Consul from Israel as proof of his bias against Judge Gorcyca.

Judge Ryan issued his report on July 1, 2016, denied Judge Gorcyca's motion to disqualify Fischer, and found that Judge Gorcyca had engaged in judicial misconduct. Fischer then recommended to the JTC that Judge Gorcyca be suspended for nine months without pay and assessed costs of more than $12,000.

At the regularly scheduled meeting of the JTC on September 12, 2016, the JTC went into executive session. A short while later, Commissioners 1 and 3 informed Fischer that he was terminated effective

---

[1] Although the motion to disqualify is not mentioned in the Complaint, the court can consider matters outside the pleadings which are a matter of public record. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

immediately, but offered him until September 16, 2016 to offer his resignation voluntarily. Fischer declined to do so and his termination became effective on September 16, 2016. On November 14, 2016, the JTC found Judge Gorcyca guilty of judicial misconduct and recommended that the Court suspend her without pay for 30 days plus payment of costs. On December 9, 2016, Fischer filed a lawsuit against the State of Michigan and the JTC in Wayne County Circuit Court alleging a violation of the Michigan Whistleblower Protection Act on the basis that he was allegedly terminated in retaliation for his recommendation regarding a more serious level of discipline and punishment for Judge Gorcyca's misconduct than the Commission wished to impose. On February 14, 2017, Fischer filed the instant lawsuit against the State of Michigan and the JTC alleging a violation of Title VII because defendants allegedly discriminated against him because of his religion or ethnicity.

    Now before the court is defendants' joint motion to dismiss pursuant to Rule 12(b)(6). Defendants argue Fischer's Complaint is deficient because it relies on the "stray" remark of one Commissioner. Defendants also devote considerable time in their brief to a recitation of the facts that goes far beyond the allegations of the Complaint. Defendants claim that in four prior investigations, Fischer's conduct was deficient, thus warranting

his eventual removal from his position as Executive Director.  Defendants also seek to rely on the affidavit of Judge David Sawyer, one of the Commissioners of the JTC.  Because these matters are outside the pleadings, the court does not consider them in rendering its decision here.

## II. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the court is directed to assess the "sufficiency of the plaintiff's claim" and a court "may consider only matters properly part of the complaint or pleadings in deciding the motion." *Armengau v. Cline,* 7 F.App'x. 336, 344 (6th Cir. 2001).

### III. Analysis

In order to establish a religious discrimination claim under Title VII, plaintiff must demonstrate that he was discharged or discriminated against because of his religion. 42 U.S.C. § 2000e-2(a). Title VII defines "religion" as "all aspects of religious observance or practice, as well as belief, unless the employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observances or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j); *see Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 627-28 (6th Cir. 2000). To prevail, plaintiff must demonstrate that one of the factors that made a difference in the decision

to terminate plaintiff was his religion and/or religious beliefs. 42 U.S.C. § 2000e-2(m).

Defendants argue that Fischer's claim should be analyzed under the familiar *McDonnell-Douglas-Burdine* burden-shifting framework. However, at the pleadings stage, that framework does not apply as it is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema NA*, 534 U.S. 506, 510 (2002). Under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), plaintiff need only plead sufficient facts that if proven through discovery will establish that one of the reasons for his termination was his religion and religious beliefs. *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007).

Fischer has met the strictures of Rule 8(a) and has sufficiently pled his Title VII religious discrimination claim. Fischer alleges that he is an observant Orthodox Jew, and that he was discharged as a result of the Judge Gorcyca investigation, for which several of the Commissioners suggested he was biased in favor of the children and father because of his faith and his interaction with the Israeli Consul General. Fischer alleges that the Commissioners expressed concern that his religious faith could compromise his handling of the Judge Gorcyca matter. Further, Fischer alleges that Commissioner 1 told him in the presence of Commissioner 3

that the fact that Fischer was Jewish, spoke Hebrew, and had been to Israel could be issues. Fischer also alleges that Commissioner 2 challenged Fischer's objectivity. Also, in June, 2016, some Commissioners raised Fischer's contact with the Israeli Consul as proof of his bias against Judge Gorcyca.

Defendants identify Commissioner 1 as Judge Sawyer and claim that his statement should not be considered discriminatory because it was the stray remark of one of nine decision makers in the decision to fire Fischer, and because it is not discriminatory, in any event, as Judge Sawyer was merely expressing a concern about Fischer's objectivity. Defendants' arguments are more appropriate in a motion for summary judgment, not a motion to dismiss. The court is not to weigh the probative value of Fischer's factual allegations at this juncture, but must accept the allegations of the Complaint as true. The cases defendants cite regarding the probative value to give to a remark by one of a corporate defendant's employees involve analysis of such statements at the summary judgment or trial stage. See *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (summary judgment); *Cooley v. Carmike, Inc.*, 25 F.3d 1325, 1333 (6th Cir. 1994) (trial). Also, Judge Sawyer was one of the decision makers in the decision to terminate Fischer, Commissioner 3 was present when the

comments were made, and other Commissioners made similar comments in June, 2016.  Also, Judge Sawyer made the allegedly discriminatory comments to Fischer immediately after a closed executive session of all the Commissioners and told Fischer that he needed to discuss matters with him "regarding things that happened."

     Defendants also argue that the facts negate any inference of discrimination because the Commission granted Fischer's request to informally investigate Judge Gorcyca, agreed with his recommendation to bring a preliminary and then a formal complaint against Judge Gorcyca, did not interfere with Fischer's investigation of Judge Gorcyca, and affirmed his finding of judicial misconduct.  Again, these are all arguments that would be appropriate at summary judgment or trial, but the court cannot weigh the evidence in deciding a Rule 12(b)(6) motion to dismiss, but must accept the allegations of the Complaint as true.  Here, Fischer alleges that after his contact by the Israeli Consul General, several Commissioners challenged his objectivity to perform his job on the basis of the fact that he was Jewish, spoke Hebrew, and had been to Israel.  Fischer alleges that he was a fully satisfactory employee who was never disciplined during his fifteen year tenure and was discharged solely based on his actions in the Judge Gorcyca investigation.  Defendants, on the other hand, argue that Fischer

was not an exemplary Executive Director and that the Commissioners had numerous concerns about Fischer's work performance prior to the Judge Gorcyca matter. Once again, these are all evidentiary issues to be decided at the summary judgment or trial stage. At this early juncture, the court is concerned solely with the sufficiency of the allegations of the Complaint. For the reasons set forth above, the court finds that the allegations are sufficient to state a claim under *Iqbal* and *Twombly.*

### IV. Conclusion

For the reasons set forth above, defendant's motion to dismiss (Doc. 11) is DENIED.

**IT IS SO ORDERED.**

Dated: September 13, 2017

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 13, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---